## IN THE CIRCUIT COURT OF WAYNE COUNTY, MISSISSIPPI

**JEREMY DAVIS**                                      **PLAINTIFF**

**V.**                          **F I L E D**   CIVIL ACTION No: CV-2020-183-B

**WAYNE COUNTY;**               **DEC 3 0 2020**          **DEFENDANTS**
**CYNTHIA TERRELL; PRESTON SHEDD** Rose Bingham, Circuit Clerk
**JODY ASHLEY And JOHN DOES 1-5**     Wayne Co. Miss.

                                                        **JURY TRIAL DEMANDED**

### COMPLAINT

COMES NOW PLAINTIFF by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the United States and files this Complaint against Defendants Wayne County, Cynthia Terrell, Preston Shedd and Jody Ashley and in support thereof would show unto the Court the following, to wit:

### I. PARTIES

1. Plaintiff, Jeremy Davis is an adult resident citizen of Wayne County Mississippi who may be contacted through undersigned counsel.

2. Defendant Wayne County is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 609 Azalea Drive, Waynesboro, Mississippi, 39367.

3. Defendant Jody Ashley is sheriff of Wayne County, Mississippi who may be served with process at 613 Court Street, Waynesboro, Mississippi, 39367.

4. Defendant Cynthia Terrell is a Wayne County corrections officer who may be served with process at 613 Court St, Waynesboro, MS 39367.


EXHIBIT A

5. Defendant Preston Shedd is a Wayne County corrections officer who may be served with process at 613 Court St, Waynesboro, MS 39367.

6. Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed parties who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, tortfeasors, joint tortfeasors, contractors, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein. Plaintiff will amend his Complaint once the identities of the unknown Defendants are learned.

## II.   JURISDICTION AND VENUE

7. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Wayne County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located. The misconduct complained of herein arose in Wayne County, Mississippi.

8. Jurisdiction of the parties and of the subject matter of this action are proper in this Court. This action is authorized under 42 U.S.C. 1983 and made pursuant to the fourth and fourteenth amendments to the United States Constitution, 42 U.S.C. 1985 and 42 U.S.C. 1981.

## III.   FACTUAL ALLEGATIONS

9. On or about October 22, 2020 Mr. Davis was arrested by Wayne County deputies based upon some allegations made by an ex-girlfriend.

10. During the booking process in the jail Mr. Davis and the arresting officer exchanged words at which time Cynthia Terrell slapped Mr. Davis in the face and pushed Mr. Davis into the "hole."

11. At the time he was slapped, Mr. Davis was handcuffed and unable to protect himself.

12. Mr. Davis was subsequently tazed by Cynthia Terell while handcuffed.

13. While in the "hole" on the ground and handcuffed Officer Preston Shedd struck Mr. Davis in the face, breaking Mr. Davis's jaw.

14. Mr. Davis was eventually taken to the hospital where medical staff confirmed that Mr. Davis's jaw was broken.

15. Later that day Mr. Davis was returned to the jail after being released from the hospital.

16. Mr. Davis sat in jail for four days unable to eat because of his broken jaw.

17. The Defendants made no accommodation for Mr. Davis's broken jaw and inability to eat, essentially staving Mr. Davis.

18. While being released Ms. Terrell told Mr. Davis "once you sue me, don't come back to jail."

19. Mr. Davis has suffered extreme pain and discomfort from his broken jaw. In addition, Mr. Davis's broken jaw is permanently disfigured and impaired because Mr. Davis cannot afford medical treatment. In order to repair the jaw, medical professionals would have to "re break" Mr. Davis's jaw.

## IV. ALLEGATIONS OF LAW

20. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

21. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Wayne County.

22.     The jailer Ms. Terrell, acting in her official capacity as an officer with the Wayne County Sheriff's Department, is an official capable of ratification and establishing the policy and custom of Defendants.

23.     Jody Ashley is the sheriff of Wayne County, Mississippi and is individually liable for the actions of his officers.

24.     Defendants' actions were in bad faith and were intended and designed to punish Plaintiff.

25.     At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

26.     Defendants' actions evidence malice and/or constitute willful misconduct.

27.     As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had his liberty and privacy interests severely impacted.

## V.     COUNT I IN VIOLATION OF 42 U.S.C. 1983

### Excessive Force in Violation of the Fourteenth Amendment and Plaintiff's right to bodily integrity

28.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully restated herein.

29.     On October 20, 2020 the individual Defendants used excessive force upon the Plaintiff while he was handcuffed and violated Plaintiff's right to bodily integrity.

30.     Specifically, but not inclusively:

   a. Plaintiff's jaw was broken; and

   b. Plaintiff was tazed while handcuffed.

31.     Plaintiff has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

32. Plaintiff has a right to be free from the use of deprivation of life and liberty without due process of law.

33. Plaintiff's rights were clearly established and violated by the Defendants' actions as described herein.

34. The individual Defendants' actions shock the conscience and punitive damages should be imposed.

## VI.     COUNT II IN VIOLATION OF 42 U.S.C. 1983
### Cruel and Unusual Punishment
### In violation of 8th Amendment

35. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

36. When Mr. Davis was returned to the jail with his broken jaw, he was unable to eat solid foods.

37. The Defendants made no effort to accommodate Mr. Davis or his needs. Mr. Davis was unable to eat while in jail.

38. Because the Defendants made no effort to accommodate Mr. Davis, he essentially starved while incarcerated. The Defendants were aware that Mr. Davis was unable to eat the food they provided to him.

## VII.    COUNT III IN VIOLATION OF 42 U.S.C. 1983
### State Law Claims

39. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

40. Plaintiff served Wayne County with notice of this action pursuant to the Mississippi Tort Claims Act and ninety (90) days have not yest passed since its service. (**Exhibit A**, Notice of Claim).

41. The actions of all Defendants named and described *supra* constitute the torts of negligence, gross negligence, trespass, excessive force, assault, battery, harassment, conspiracy, outrage, torture and reckless disregard for the rights of Mr. Davis.

42. The actions of the individual Defendants are outrageous such that punitive damages should be imposed. The individual Defendants broke Mr. Davis's jaw while Mr. Davis was handcuffed and unable to even try and defend himself.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

As a result of the Defendants' actions Mr. Davis has suffered severe pain, suffering, emotional distress, anxiety, stress, embarrassment, shame, loss of enjoyment of life, punitive damages, attorney fees, and other economic and non-pecuniary damages which may be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;
2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution
3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;
4. Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;
5. Awards Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6. Punitive damages for all claims allowed by law in an amount to be determined at trial;

7. Pre-judgment and post-judgment interest at the highest lawful rate;

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 22 day of December, 2020.

**JEREMY DAVIS**
PLAINTIFF

DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

## THIS IS A LEGAL NOTICE.  IMMEDIATE ACTION MAY BE REQUIRED TO PROTECT YOUR RIGHTS

December 10, 2020

To:  **Wayne County Mississippi**        **Jody Ashley**
     **609 Azalea Drive**                **613 Court Street**
     **Waynesboro, MS 39367**            **Waynesboro, MS 39367**

Claimant:   Jeremy Davis
            Wayne County, Mississippi

Re:   Notice of Claim Pursuant to Mississippi Tort Claims Act (MISS. CODE ANN. § 11-46-11)

Dear Sir:

This letter is a formal notice of a claim against you, a governmental entity for which you are the chief executive officer (hereinafter, "Defendant"). This claim is governed by the Mississippi Tort Claims Act (MISS. CODE ANN. § 11-46-11). As required by The Act, this letter hereby serves to provide sufficient notice to you and your representatives, officials and/or agents of a pending claim which may form the basis of a lawsuit. The Mississippi Tort Claims Act requires that the claimant send a Notice of Claim to the governmental entity at least ninety (90) days before initiating any such lawsuit. This letter satisfies that requirement and begins the ninety-day waiting period for the filing of such a lawsuit.

You are hereby directed to preserve any and all audio and video recordings, as well as all other evidence and documents regarding the incidents complained of herein.

**Statement of Facts Upon Which the Claim is Based:**

On or about October 22, 2020 Mr. Davis was arrested and detained in Wayne County based upon charges filed by an ex-girlfriend.

During the booking process in the jail Mr. Davis and the arresting officer exchanged words at which time Cynthia Terrell slapped Mr. Davis in the face and pushed Mr. Davis into the "hole." At this time Mr. Davis was handcuffed and unable to protect himself. Mr. Davis was also tazed by Cynthia Terell while handcuffed.



While in the cell and handcuffed Preston Shedd struck Mr. Davis in the face, breaking Mr. Davis's jaw. Mr. Davis was eventually taken to the hospital where medical staff confirmed that Mr. Davis's jaw was broken.

Mr. Davis was returned to the jail. Mr. Davis sat in jail for four days unable to eat because of his broken jaw. While being released Ms. Terrell told Mr. Davis "once you sue me, don't come back to jail."

Mr. Davis asserts all damages and claims available to him under Mississippi law including assault, battery, negligence, gross negligence, reckless disregard, failure to retain/supervise, conspiracy, outrage, negligent supervision, negligent retention, infliction of emotional distress, malfeasance, loss of community, loss of consortium and negligent training.

### B.    Extent of damages and/or injuries.

The damages caused by the aforementioned incident(s) can be summarized as follows:

Mr. Davis has suffered severe pain, suffering, emotional distress, anxiety, stress, embarrassment, shame, loss of enjoyment of life, punitive damages, attorney fees, and other economic and non-pecuniary damages which may be proven at trial.

In addition to claims under state law, Mr. Davis reserves his right to immediately file suit pursuant to the 1st, 4th, 5th, 8th, and 14th Amendments to the United States Constitution and made pursuant to 42 U.S.C. § 1983 and other applicable federal statutes.

### C.    Time and place of damages and/or injuries.

The incidents which form the basis of this claim occurred from October 22-26, 2020 in Wayne County, Mississippi.

### D.    Names of all persons known to be involved.

The following is a list of all persons known to be involved with this claim, including any and all persons involved at the time of the damages and/or injuries, as well as all persons involved in any communications or discussions resulting from the claim:

1. Currently unknown law enforcement officials present at the scene of the incident
2. Jeremy Davis
3. Jody Ashley
4. Cynthia Terrell
5. Currently unknown medical personnel
6. Preston Shedd
7. Currently unknown officers and court staff
8. Other unknown witnesses including treating physicians

### E.    Amount of money damages sought in this claim.

As a result of the damages and personal injuries suffered by the claimant, Mr. Davis is seeking Five Hundred Thousand Dollars ($500,000) in monetary damages for each unlawful act, unlawful imprisonment, and false statements.

**F.    Residency of the claimant(s) at the time of the damages and/or injuries and at the time of the Notice of Claim.**

At the time of the damages and injuries which serve as the basis for this claim, and at the time of the service of this Notice of Claim, the claimant was a resident of Wayne County, Mississippi.

This Notice of Claim is in compliance with all requirements of MISS. CODE ANN. § 11-46-11 and subsequent interpretations of that law by the courts of Mississippi. Beginning ninety (90) days following the receipt of this Notice of Claim, the claimant may file a complaint in the court of competent jurisdiction seeking remedies for this claim.

Signed,

Daniel M. Waide, Attorney for Claimant(s)

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jrhlaw.net