# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JEREMY DAVIS**                                                          **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO: 2:21-cv-11-HSO-JCG**

**WAYNE COUNTY;**                                       **DEFENDANTS**
**CYNTHIA TERRELL; PRESTON SHEDD;**
**JODY ASHLEY And JOHN DOES 1-5**

                                                                          **JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

COMES NOW PLAINTIFF by and through undersigned counsel and pursuant to the laws of the State of Mississippi and the United States and files this Amended Complaint against Defendants Wayne County, Cynthia Terrell, Preston Shedd and Jody Ashley and in support thereof would show unto the Court the following, to wit:

### I. PARTIES

1. Plaintiff, Jeremy Davis is an adult resident citizen of Wayne County Mississippi who may be contacted through undersigned counsel.

2. Defendant Wayne County is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 609 Azalea Drive, Waynesboro, Mississippi, 39367.

3. Defendant Jody Ashley is sheriff of Wayne County, Mississippi who may be served with process at 613 Court Street, Waynesboro, Mississippi, 39367.

4. Defendant Cynthia Terrell is a Wayne County corrections officer who may be served with process at 613 Court St, Waynesboro, MS 39367.

5. Defendant Preston Shedd is a Wayne County corrections officer who may be served with process at 613 Court St, Waynesboro, MS 39367.

6. Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed parties who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, tortfeasors, joint tortfeasors, contractors, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein. Plaintiff will amend his Complaint once the identities of the unknown Defendants are learned.

## II. JURISDICTION AND VENUE

7. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Wayne County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located. The misconduct complained of herein arose in Wayne County, Mississippi.

8. Jurisdiction of the parties and of the subject matter of this action are proper in this Court. This action is authorized under 42 U.S.C. 1983 and made pursuant to the fourth and fourteenth amendments to the United States Constitution, 42 U.S.C. 1985 and 42 U.S.C. 1981.

## III. FACTUAL ALLEGATIONS

9. On or about October 22, 2020 Mr. Davis was arrested by Wayne County deputies based upon some allegations made by an ex-girlfriend.

10. During the booking process in the jail Mr. Davis and the arresting officer exchanged words at which time Cynthia Terrell slapped Mr. Davis in the face and pushed Mr. Davis into the "hole."

11. At the time he was slapped, Mr. Davis was handcuffed and unable to protect himself.

12. Mr. Davis was subsequently tazed by Cynthia Terell while handcuffed.

13. While in the "hole" on the ground and handcuffed Officer Preston Shedd struck Mr. Davis in the face, breaking Mr. Davis's jaw.

14. Mr. Davis was eventually taken to the hospital where medical staff confirmed that Mr. Davis's jaw was broken.

15. Later that day Mr. Davis was returned to the jail after being released from the hospital.

16. Mr. Davis sat in jail for four days unable to eat because of his broken jaw.

17. The Defendants made no accommodation for Mr. Davis's broken jaw and inability to eat, essentially staving Mr. Davis.

18. While being released Ms. Terrell told Mr. Davis "once you sue me, don't come back to jail."

19. Mr. Davis has suffered extreme pain and discomfort from his broken jaw. In addition, Mr. Davis's broken jaw is permanently disfigured and impaired because Mr. Davis cannot afford medical treatment. In order to repair the jaw, medical professionals would have to "re break" Mr. Davis's jaw.

### IV.　**ALLEGATIONS OF LAW**

20. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

21. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and Wayne County.

22. The jailer Ms. Terrell, acting in her official capacity as an officer with the Wayne County Sheriff's Department, is an official capable of ratification and establishing the policy and custom of Defendants.

23. Jody Ashley is the sheriff of Wayne County, Mississippi and is individually liable for the actions of his officers.

24. Defendants' actions were in bad faith and were intended and designed to punish Plaintiff.

25. At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

26. Defendants' actions evidence malice and/or constitute willful misconduct.

27. As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had his liberty and privacy interests severely impacted.

### V. COUNT I IN VIOLATION OF 42 U.S.C. 1983 (excluding Sheriff Ashley)
**Excessive Force in Violation of the Fourteenth Amendment and Plaintiff's right to bodily integrity**

28. Plaintiff incorporates by reference each of the preceding paragraphs as though fully restated herein.

29. On October 20, 2020 the individual Defendants used excessive force upon the Plaintiff while he was handcuffed and violated Plaintiff's right to bodily integrity.

30. Specifically, but not exclusively:

　　a. Plaintiff's jaw was broken; and

　　b. Plaintiff was tazed while handcuffed.

31. Plaintiff has a constitutional right to bodily integrity and to be free from the use of excessive force and outrageous and unreasonable force, which shocks the conscience and offends traditional notions of decency.

32. Plaintiff has a right to be free from the use of deprivation of life and liberty without due process of law.

33. Plaintiff's rights were clearly established and violated by the Defendants' actions as described herein.

34. The individual Defendants' actions shock the conscience and punitive damages should be imposed.

### VI. COUNT II IN VIOLATION OF 42 U.S.C. 1983
### Cruel and Unusual Punishment
### In violation of the 14th Amendment

35. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

36. When Mr. Davis was returned to the jail with his broken jaw, he was unable to eat solid foods.

37. The Defendants were collectively aware of Mr. Davis's inability to eat and made no effort to accommodate Mr. Davis or his needs. Mr. Davis was unable to eat while in jail.

38. Despite being over the jail and responsible for Mr. Davis, Ms. Terrell did nothing to ensure that Mr. Davis was able to eat. Ms. Terrell knew or should have known that Mr. Davis was being starved because of his inability to eat.

39. Because the Defendants made no effort to accommodate Mr. Davis, he essentially starved while incarcerated. The Defendants were aware that Mr. Davis was unable to eat the food they provided to him.

40. More specifically, both Defendants Cynthia Terrell and Preston Shedd were aware that Mr. Davis had a broken jaw and was unable to eat the foods they gave to him. By allowing Mr. Davis

to starve, the actions of Terrell and Shedd evidence a conscience and reckless disregard for the rights of Mr. Davis.

41. Cynthia Terrell was the head jailer and charged with the care of the prisoners.

42. Because Cynthia Terrell and Preston Shedd had actual knowledge that Mr. Davis's jaw was broken, both had a duty to intervene and protect Mr. Davis from starving while he was incarcerated.

43. Based upon the facts of this case, the County and Sheriff Ashley are liable for not having in effect any policy or procedure to care for someone who is unable to eat due to an injury. Mr. Davis was required to sit in his cell, unable to eat and starving for several days. No person from the County made any attempt to provide an alternate means of nourishment for Mr. Davis. The County knows or should know that from time-to-time inmates are booked into the jail who have dietary restrictions or medical conditions requiring alternative eating arrangements, yet the County has made no effort to put a policy in place for these inmates. The County's lack of a policy or procedure evidences a reckless disregard for the safety and wellbeing of pre-trial detainees.

44. Alternatively, the County has failed to train employees to accommodate inmates such as Mr. Davis who are unable to eat the food provided by the County. Because no person had been trained on what to do with an inmate in Mr. Davis's condition, Mr. Davis was forced to starve evidencing a reckless disregard by the County.

45. Based upon information and belief and based upon County policy and procedure, Sheriff Ashley was aware of Mr. Davis's condition and his broken jaw. Despite this actual knowledge Sheriff Ashley allowed Mr. Davis to sit in a cell unable to eat, allowing Mr. Davis to starve while he was incarcerated. Sheriff Ashely had a duty to intervene and prevent the cruel and unusual

treatment of Mr. Davis. Sheriff Ashley failed to act. By allowing Mr. Davis to starve, the actions of Sheriff Ashley evidence a conscience and reckless disregard for the rights of Mr. Davis.

46. No reasonable officer would conclude that Mr. Davis's terms of confinement was constitutional or lawful where Mr. Davis was essentially starved while he was in the jail.

47. Other currently unknown John/Jane Does were also aware of Ms. Davis's condition. As these John/Jane Does are identified Mr. Davis will supplement and join each Defendant who allowed him to starve in the jail.

## VII. COUNT III IN VIOLATION OF 42 U.S.C. 1983
### State Law Claims

48. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

49. Plaintiff served Wayne County with notice of this action pursuant to the Mississippi Tort Claims Act and ninety (90) days have passed since its service. (**Exhibit A**, Notice of Claim).

50. The actions of all Defendants named and described *supra* constitute the torts of negligence, gross negligence, trespass, excessive force, assault, battery, harassment, conspiracy, outrage, torture and reckless disregard for the rights of Mr. Davis.

51. The actions of the individual Defendants are outrageous such that punitive damages should be imposed. The individual Defendants broke Mr. Davis's jaw while Mr. Davis was handcuffed and unable to even try and defend himself.

52. The assault that caused injury to Mr. Davis occurred before Mr. Davis was booked and confined as an inmate in the Wayne County jail.

53. In accordance with Miss. Code Ann. § 19-25-19, Sheriff Jody Ashely is liable for the acts of his deputies as alleged herein, at least to the extent of his bond and/or insurance[1].

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

As a result of the Defendants' actions Mr. Davis has suffered severe pain, suffering, emotional distress, anxiety, stress, embarrassment, shame, loss of enjoyment of life, punitive damages, attorney fees, and other economic and non-pecuniary damages which may be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;
2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution
3. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;
4. Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;
5. Awards Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;
6. Punitive damages for all claims allowed by law in an amount to be determined at trial;
7. Pre-judgment and post-judgment interest at the highest lawful rate;

---

[1] See *Dennis v. Warren*, 779 F.2d 245 (5th Cir. 1985)

8. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 1st day of April, 2021.

          **JEREMY DAVIS**
          PLAINTIFF

          */s/ Daniel M. Waide*
          DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

## **CERTIFICATE OF SERVICE**

      I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      THIS the 1st day of April, 2021.

                                                          /s/Daniel M. Waide
                                                          DANIEL M WAIDE

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
dwaide@jhrlaw.net